BENJAMIN B. WAGNER
United States Attorney
YOSHINORI H. T. HIMEL
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2760

Attorneys for Defendant
UNITED STATES DEPARTMENT OF HOMELAND SECURITY

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOSSAMAN, LLP,<br><br>         Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT<br>OF HOMELAND SECURITY,<br><br>         Defendant. | 1:10-cv-1627-OWW-SKO<br><br>**HOUSEKEEPING STIPULATION AND ORDER** |

NOSSAMAN, LLP, plaintiff, and the UNITED STATES DEPARTMENT OF HOMELAND SECURITY, defendant, stipulate as follows, subject to the Court's approval as provided for hereon.

   1. In light of paragraphs 2 and 3, below, defendant's motion filed October 20, 2010, and set for hearing November 29, 2010, before Judge Wanger, is resolved and therefore is taken off calendar.

   2. The plaintiffs other than NOSSAMAN, LLP voluntarily dismissed their claims during the pendency of a motion to dismiss for lack of standing. They do not intend to bring the claims again. Accordingly, the case caption shall mention only NOSSAMAN, LLP as the plaintiff.

   3. Defendant waives its objections to the sufficiency of service of process.

4. The parties are making efforts to resolve the case voluntarily and wish to conserve their and the Court's resources.

5. To conserve resources, defendant waives any contention that plaintiff must file an administrative appeal in response to the FOIA final response letter dated October 19, 2010, a copy of which is attached to the filing of October 20, 2010.

6. The parties recognize that most FOIA cases are decided on a motion for summary judgment.  Defendant intends to ask for the Court to set a filing date for a dismissal and summary judgment motion at the Scheduling Conference set for January 26, 2010.  Because the complaint is lengthy and preparing an answer at this time is inconsistent with the parties' wish to conserve resources, defendant's obligation to serve an answer is extended until the seventh day after the Scheduling Conference.

7. For the Court's information (not action on this stipulation), defendant contemplates asking at the Scheduling Conference to reset the answer date to the date to file the dismissal and summary judgment motion, as extended by operation of Fed. R. Civ. P. 12(a)(4).  Plaintiff contemplates opposing any request made at the Scheduling Conference to reset the answer date to the date to file Defendant's dismissal and summary judgment motion because the admissions and denials made in Defendant's answer are required for Plaintiff to bring its own dispositive motion in light of Defendant's responses.

Dated: October 29, 2010                                    NOSSAMAN, LLP

                                            By:    /s/ Paul S Weiland
                                                   PAUL S. WEILAND
                                                   ROBERT C. HORTON
                                                   Attorneys for Plaintiffs

Dated:  October 29, 2010                                   BENJAMIN B. WAGNER
                                                           United States Attorney

                                            By:    /s/ Y Himel
                                                   YOSHINORI H. T. HIMEL
                                                   Assistant U. S. Attorney
                                                   Attorneys for Defendant

1
ORDER

2  IT IS SO ORDERED.

3  **Dated:   November 2, 2010**                    **/s/ Oliver W. Wanger**
4                                                             UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28