# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| NOSSAMAN LLP, | ) | 1:10-cv-1627 OWW SKO |
|---|---|---|
| Plaintiff, | ) | SCHEDULING CONFERENCE ORDER |
| v. | ) | Cross-Motions for Summary Judgment Filing Deadline: 6/30/11 |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, | ) | |
| Defendant. | ) | Oppositions Thereto Filing Deadline: 7/22/11 |
| | ) | Replies Thereto Filing Deadline: 8/5/11 |
| | | Hearing on Cross-Motions for Summary Judgment: 9/12/11 10:00 Ctrm. 3 |

I.  Date of Scheduling Conference.

    February 9, 2011.

II. Appearances Of Counsel.

    Nossaman LLP by Paul S. Weiland, Esq., and Robert D. Thornton, Esq., appeared on behalf of Plaintiff.

    Yoshinori H.T. Himel, Esq., Assistant U.S. Attorney, appeared on behalf of Defendant.

III. Summary of Pleadings.

    1.  On March 16, 2009, Plaintiff sent a Freedom of Information Act ("FOIA") request ("FOIA Request") to Defendant

1

Department of Homeland Security Federal Emergency Management Agency ("FEMA").  The FOIA Request seeks specific public records relating to FEMA's administration of the National Flood Insurance Program ("NFIP") in the Counties of San Joaquin, Yolo, Sacramento, Solano, and Contra Costa and the cities specified in each of those counties.  Complaint, ECF No. 6, Ex. 1.  After nearly 8 months of repeated requests for a response to the FOIA Request (*id.*, Exs. 3-4), Plaintiff filed a formal administrative appeal of the constructive denial of its FOIA Request on November 10, 2009 ("Formal Appeal").  *Id.*, Ex. 5.  After nearly 10 months of repeated requests for a response to its Formal Appeal (*id.* Ex. 7), and after nearly 18 months without any response to its FOIA Request, on September 9, 2010, Plaintiff filed the Complaint in this litigation.

    2.   In its Complaint, Plaintiff contends, *inter alia*, that Defendant failed to produce responsive records in response to the FOIA Request, that Defendant failed to produce a response to the FOIA Request within the time permitted by law, that Defendant failed to conduct an adequate search for agency records, that Defendant unlawfully withheld responsive agency records, and that Defendant failed to take final action in response to Plaintiff's November 10, 2009 Formal Appeal within the time permitted by law. Plaintiff prays for declarations of these violations, an order to produce all responsive records, and attorneys' fees and costs.

    3.    Defendant has searched its files for responsive records and has found about 200 pages.  In October 2010 about half were released, with individuals' names redacted to protect personal privacy under FOIA Exemption 6, 5 U.S.C. § 552(b)(6), and the

2

remainder are being processed for release.

4.   Plaintiff has lately contended that records generated or maintained by Insurance Services Office Inc. of Central Point, Oregon, are agency records whether or not the agency has ever seen them.  Defendant is investigating to arrive at a factual and legal determination on this new contention.

IV. Orders Re Amendments To Pleadings.

1.   On October 19, 2010, the due date for the Defendant's first responsive pleading in this litigation, FEMA emailed Plaintiff a letter styled as FEMA's "final response" to the March 16, 2009 FOIA Request.  Included with the letter were 7 files containing various responsive agency records, some of which were redacted, in part, under FOIA Exemption 6, 5 U.S.C. § 552(b)(6) (exempting from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy").  In the course of multiple telephonic early meetings of counsel beginning on October 27, 2010 to the present, counsel for the Defendant has informed Plaintiff's counsel that additional agency records responsive to the FOIA Request have been located, and are being reviewed and/or redacted pursuant to one or more of the exemptions to production under FOIA, 5 U.S.C. § 552(b).

2.   In addition, Plaintiff takes the position that records produced and maintained by Defendant's private contractor on Defendant's behalf in the discharge of Defendant's statutory and regulatory duties under the National Flood Insurance Act and the NFIP in the counties and cities included in the FOIA Request are "agency records" under FOIA; therefore, FEMA must also conduct a

3

reasonable search of its contractor's records.  Defendant is considering Plaintiff's position, but may reach the conclusion that records that are not in FEMA Region 9's physical possession are not "agency records," and no such search is required under the FOIA.

    3.   In light of the above developments that occurred after Plaintiff filed its Complaint on September 9, 2010, Plaintiff may request leave of this Court to amend the Complaint.

V.   Factual Summary.

    A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.

        1.   The subject FOIA Request is a letter dated March 16, 2009 from Audrey M. Huang of Nossaman LLP transmitted via email to Kevin J. Clark, Freedom of Information Contact, Federal Emergency Management Agency Region 9.

        2.   The subject Formal Appeal was initiated by way of a letter dated November 10, 2009 from Paul S. Weiland, Nossaman LLP, to the Associate General Counsel (General Law) of the Department of Homeland Security Federal Emergency Management Agency.

        3.   As of the date of filing of the Complaint on September 9, 2010, FEMA had not responded to Plaintiff's FOIA Request or its Formal Appeal.

        4.   On October 19, 2010, Defendant sent Plaintiff a letter styled as its "final response" to the FOIA Request, and produced some agency records responsive to the request.

        5.   In the October 19, 2010 production of records, Defendant redacted names of public officials under Exemption 6, 5

4

U.S.C. § 552(b)(6), asserting that the names are "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."

  6. On January 14, 2011, counsel for Defendant informed counsel for Plaintiff that Defendant has located more agency records responsive to the FOIA Request.

  7. Plaintiff has not received a full and final response to their FOIA request.

 B. Contested Facts.

  1. None.

VI. Legal Issues.

 A. Uncontested.

  1. This Court's subject matter jurisdiction for this lawsuit is invoked under 5 U.S.C. § 552(a)(4)(B). Subject matter jurisdiction is never waived but is not challenged at this time.

  2. Plaintiff Nossaman has standing to sue as the requester under the FOIA, and may be deemed to have exhausted its administrative remedies.

  3. Venue in the Eastern District of California is not contested.

  4. Plaintiff was entitled, under 5 U.S.C. § 552(a)(6)(A)(I) and 6 C.F.R. § 5.6(b), to receive a full response to the FOIA Request within 20 workdays of the request.

  5. Defendant did not conduct a reasonable search within 20 workdays of the request, or provide a full response to the FOIA request within 20 workdays of the request.

  6. Because FEMA failed to produce any responsive agency records in its control within the time limits provided by

5 U.S.C. § 552(a)(6), it may not charge any search fees required to locate the agency records it has yet to produce in response to the FOIA Request.  5 U.S.C. § 552(a)(4)(A)(viii).

      7.   Plaintiff was entitled to a determination on the Formal Appeal within the 20 working days provided by FOIA.  5 U.S.C. § 552(a)(6)(A)(ii).

      8.   Defendant did not reach a determination on the Formal Appeal within the 20 working days provided by law.

  B.   Contested.

      1.   Whether Defendant's declaration concerning its search for responsive records will carry its burden of showing adequate search under the FOIA.

VII. Consent to Magistrate Judge Jurisdiction.

    1.   The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.   Corporate Identification Statement.

    1.   Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX. Discovery Plan and Cut-Off Date.

    1.   Discovery in FOIA cases is the exception, not the rule. *See Judicial Watch, Inc. v. Exp.-Imp. Bank*, 108 F.Supp.2d 19, 25 (D.D.C. 2000) ("discovery in a FOIA action is generally inappropriate.").  Instead of discovery, the agency files

6

declarations aimed at affording the plaintiff "a meaningful opportunity to contest, and the district court an adequate foundation to review, the soundness" of the agency's action. *Berman v. CIA*, 501 F.3d 1136, 1141 (9th Cir. 2007). Before the making of those declarations, "no factual issue as to the scope and adequacy of the search exists." *Niren v. INS*, 103 F.R.D. 10, 11-12 (D. Ore. 1984). After their filing, a plaintiff may be in a position to contend that they are conclusory, are controverted or are made in bad faith. *See Wolf v. CIA*, 473 F.3d 370, 374 (D.C. Cir. 2007) ("[s]ummary judgment is warranted on the basis of agency affidavits when the affidavits describe 'the justifications for nondisclosure with reasonably specific detail . . . and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'"). Accordingly, after defendant files its declarations, Plaintiff reserves its right under Fed.R.Civ.P. 56(f) to ask the Court to allow discovery.

<u>Dates agreed for (a) Filing pre-trial motions (no later than 45 days before Pre Trial Conference), (b) Pre-Trial Conference, (c) trial date</u>:

    2.    Motion cutoff date:  If the parties cannot reach agreement on whether records produced and maintained by FEMA's contractor, but which are not in FEMA's physical possession, or if the parties dispute the applicability of Exemption 6 or any other asserted legal basis for withholding responsive records in whole or in part, Plaintiff will file a motion for summary judgment on or before May 20, 2011, in which event Plaintiff may file a simultaneous cross-motion for summary judgment.

3. Pretrial conference date: Defendant contends that trial is improbable because FOIA cases lack factual disputes and are resolved on motions for summary judgment. *See Cooper Cameron Corp. v. Dep't of Labor*, 280 F.3d 539, 543 (5th Cir. 2002) ("Summary judgment resolves most FOIA cases."). Therefore, Defendant contends that no pretrial or trial date need be suggested. Plaintiff contends that the October 19, 2011 "final response" to its March 16, 2009 FOIA Request and subsequent location of further responsive agency records supports a showing of lack of good faith effort to locate responsive records, a clear failure to provide a full response to the FOIA Request within the time permitted by law. Defendant has also failed to reach a determination on Plaintiff's Formal Appeal within the time provided by law. Therefore, Plaintiff contends that Defendant's anticipated motion for summary judgment will be denied. Plaintiff further contends that the same evidence would support a cross-motion for summary judgment and/or a motion for leave to conduct discovery. Trial may be required if disputed issues of material fact exist after completion of discovery.

4. Trial date: None is suggested at this time. If the Defendant's motion for summary judgment is denied because one or more material facts remain to be decided, the parties will supply a supplemental joint scheduling report setting forth a proposed discovery plan, trial date, and related deadlines.

5. Disclosure of FOIA responses: Defendant will endeavor to have its production of documents responsive to the FOIA requests and a Vaughn index served upon the Plaintiff on or before May 20, 2011.

6.    The parties will file cross-motions for summary judgment on or before June 30, 2011.  The oppositions shall be filed on or before July 22, 2011.  The replies shall be filed on or before August 5, 2011.  September 12, 2011 at 10:00 a.m. in Courtroom 3 will be the hearing date for the cross-motions.

7.    Depending upon the outcome of dispositive motions, a further scheduling conference shall be set if necessary.

X.    Motions - Hard Copy.

1.    The parties shall submit one (1) courtesy paper copy to the Court of any motions filed.  Exhibits shall be marked with <u>protruding numbered or lettered tabs</u> so that the Court can easily identify such exhibits.

XI.   Settlement Conference.

1.    The parties will notify the Courtroom Deputy in the event they believe a Settlement Conference will assist resolution of the case.

2.    Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

3.    Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences.

Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

    4.   Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement. The statement should not be filed with the Clerk of the Court nor served on any other party. Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon. Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

    5.   The Confidential Settlement Conference Statement shall include the following:

        a.   A brief statement of the facts of the case.

        b.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

        c.   A summary of the proceedings to date.

        d.   An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

        e.   The relief sought.

        f.   The parties' position on settlement,

including present demands and offers and a history of past settlement discussions, offers and demands.

XII. Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

    1. None.

XIII. Related Matters Pending.

    1. *Coalition for a Sustainable Delta and Kern County Water Agency v. Federal Emergency Management Agency, et al.*, Case No. 1:09-cv-2024 OWW DLB.

    2. Defendant says that these cases are unrelated except for Plaintiff's use of the subject FOIA request as a tactic to avoid possible discovery limits on its clients in the other case, brought under the Endangered Species Act. The courts have stated that Congress did not enact FOIA for the purpose of civil or criminal discovery.

XIV. Compliance With Federal Procedure.

    1. The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California. To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XV. Effect Of This Order.

    1. The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution. The trial date reserved is specifically reserved for this case. If the parties determine at

any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

    2.   Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

    3.   Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   February 9, 2011                    /s/ Oliver W. Wanger
                                                                         UNITED STATES DISTRICT JUDGE